## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION
### Case No.:

**JOSE MARTINEZ,**

**PLAINTIFF(S),**

2:08-cv-611-FtM-29SPC

vs.

**TRG OASIS LOWER (TOWER TWO), LTD.,
a Florida limited partnership, TRG OASIS
LOWER (TOWER TWO), LLC, a Florida limited
liability company, THE RELATED GROUP OF
MIAMI, INC., a Florida profit corporation,
JORGE M. PEREZ, ROBERTO ROCHAS,
MATHEW ALLEN, JEFFREY HOYOS, HELEN
WEINSTOCK, and GARY ARTHUR**

**DEFENDANT(S).**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## JURISDICTION, VENUE, AND PARTIES

Plaintiff, JOSE MARTINEZ (hereinafter maybe referred to as "Buyers") sues Defendants, TRG OASIS LOWER (TOWER TWO), LTD., a Florida limited partnership, (hereinafter maybe referred to as "Developer"), TRG OASIS LOWER (TOWER TWO), LLC, a Florida limited liability company, (hereinafter maybe referred to as "Developer"), THE RELATED GROUP OF MIAMI, INC., a Florida profit corporation (hereinafter maybe referred to as "Developer"), JORGE M. PEREZ, ROBERTO ROCHAS, MATHEW ALLEN, JEFFREY HOYOS, HELEN WEINSTOCK, and GARY ARTHUR , and states:

1.     This is an action arising under the Interstate Land Sales Full Disclosure Act, 15 U.S.C.

§1701et seq., (hereinafter maybe referred to as "ILSFDA") as well as pendent state court claims.

Jurisdiction is appropriate pursuant to 28 U.S.C. §1331.

2.     Plaintiff, JOSE MARTINEZ, is over 18 years of age residing in Broward County, Florida

and is otherwise sui juris thereof.

**Jonathan Kline, P.A.** ● **Attorney at Law**
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

3.    Defendant, TRG OASIS LOWER (TOWER TWO), LTD., a Florida limited partnership (hereinafter may be referred to as "Developer") is a Florida limited partnership with its principal place of business in Miami-Dade County, Florida doing business in Miami-Dade County, Florida.

4.    Defendant, TRG OASIS LOWER (TOWER TWO), LLC , a Florida limited liability company (hereinafter may be referred to as "Developer") is Florida limited liability company with its principal place of business in Miami-Dade County, Florida doing business in Miami-Dade County, Florida.

5.    Defendant, THE RELATED GROUP OF MIAMI, INC., a Florida profit corporation (hereinafter may be referred to as "Developer") is an Florida profit corporation with its principal place of business in Miami-Dade County, Florida doing business in Miami-Dade County, Florida.

6.    Defendant, JORGE M. PEREZ, (hereinafter maybe referred to as "PEREZ") is an individual over 18 years of age who resides in Miami-Dade County, Florida and is otherwise sui juris thereof.

7.    Defendant, ROBERTO ROCHAS, (hereinafter maybe referred to as "ROCHAS") is an individual over 18 years of age who resides in Miami-Dade County, Florida and is otherwise sui juris thereof.

8.    Defendant, MATHEW ALLEN, (hereinafter maybe referred to as "ALLEN") is an individual over 18 years of age who upon information resides in Miami-Dade County, Florida and is otherwise sui juris thereof.

**Jonathan Kline, P.A.  ●  Attorney at Law**
2761 Executive Park Drive  ●  Weston, Florida  33331  ●  TEL (954) 659-1919  ●  FAX (954) 659-9937

9. Defendant, JEFFREY HOYOS (hereinafter maybe referred to as "HOYOS") is an individual over 18 years of age who resides in Miami-Dade County and is otherwise sui juris thereof.

10. Defendant, HELEN WEINSTOCK (hereinafter maybe referred to as "WEINSTOCK") is an individual over 18 years of age who resides in Broward County, Florida and is otherwise sui juris thereof.

11. Defendant, GARY ARTHUR (hereinafter maybe referred to as "ARTHUR") is an individual over 18 years of age who resides in Broward County, Florida and is otherwise sui juris thereof.

12. This cause of action accrued in Lee County, Florida, pursuant to Florida Statute §47.051, and the Defendant, Sellers', are legal entities subject to jurisdiction in Lee County, Florida.

13. The real property which is the subject matter of this litigation is located in Lee County, Florida as set forth in Florida Statute §47.051 and Defendants maintain an office in Lee County, Florida where it transacts its customary business.

14. The matter in controversy exceeds, exclusive of interest and cost, the sum specified by 28 U.S.C. §1332.

## **GENERAL ALLEGATIONS**

15. Defendant, TRG OASIS LOWER (TOWER TWO), LTD., a Florida limited partnership, is a developer as defined by 15 U.S.C. §1701(5) of the Interstate Land Sales Full Disclosure Act.

16. Defendant, TRG OASIS LOWER (TOWER TWO), LLC, a Florida limited liability company is a developer as defined by 15 U.S.C. §1701(5) of the Interstate Land Sales Full Disclosure Act.

**Jonathan Kline, P.A. ● Attorney at Law**
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

17.    Defendant, THE RELATED GROUP OF MIAMI, INC., a Florida profit corporation, is a developer as defined by 15 U.S.C. §1701(5) of the Interstate Land Sales Full Disclosure Act.

18.    Defendants, JORGE M. PEREZ, ROBERTO ROCHAS, MATHEW ALLEN, JEFFREY HOYOS, HELEN WEINSTOCK, and GARY ARTHUR are the principal owners, officers, directors, members, or managers of the entities or entity compromising the Developers. The Defendant's described in this paragraph maybe referred to collectively as "Individuals(s)".

19.    On or about August 1, 2005, JOSE MARTINEZ, executed a contract (see Exhibit "1") for the purchase and sale of real property bearing the following legal description (hereinafter the "Unit(s)"):

> Unit 1702, of OASIS TOWER TWO, A CONDOMINIUM, according to the Declaration of Condominium, in Official Records Book 2008, at Page 0179106, of the Public Records of Lee County, Florida, as amended and or supplemented from time to time, together with an undivided interest in the common elements appurtenant thereto.

20.    The Unit's legal description only partially describes the interest purchased by the Plaintiffs.

21.    The Plaintiffs also purchased an undivided interest in the common elements of the condominium. The common elements of the condominium are situated within the following legal description attached as Exhibit "2".

22.    The Developer described in the sale and purchase agreement attached as Exhibits 1 are "developer(s)" as defined by 15 U.S.C. §1701(5) of Interstate Land Sales Full Disclosure Act.

23.    The Unit and Condominium as described in the sale and purchase agreement fall under and are inclusive in the definition of a "subdivision" as set forth in 15 U.S.C. §1701(3).

24.    The Developer described in the sale and purchase agreement attached as Exhibits 1 are "Developer(s)" as defined by Florida Statute §718.103(16).

**Jonathan Kline, P.A.  ●  Attorney at Law**
2761 Executive Park Drive ● Weston, Florida  33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

25.    The Buyer(s) described in the sale and purchase agreement attached as Exhibits 1 is the "purchaser(s)" as defined by 15 U.S.C. §1701(10) of Interstate Land Sales Full Disclosure Act.

26.    The Buyer(s) described in the sale and purchase agreement attached as Exhibits 1 is the "buyer(s)" as defined by Florida Statute §718.103(5).

27.    The Unit described in the sale and purchase agreement attached as Exhibits 1 is "unit(s)" as defined by Florida Statute §718.103(27).

28.    The Declaration or Declaration of Condominium as set forth in the sale and purchase agreement attached as Exhibits 1 is a "declaration" or a "declaration of condominium" as defined by Florida Statute §718.103(15).

29.    The Unit(s) described in the sale and purchase agreements attached as Exhibits 1 is part of a "residential condominium" as defined by Florida Statute §718.103(23).

30.    The Unit(s) described in the sale and purchase agreements attached as Exhibits 1 is intended to be conveyed as real property by the Developer in a real property interest consistent with a "condominium" as defined under Florida Statute §718.103(11).

31.    The condominium units described in the sale and purchase agreement attached as Exhibits 1 is "condominium parcel(s)" as defined under Florida Statute §718.103(12).

32.    The condominium unit described in the sale and purchase agreements attached as Exhibits 1 is within the meaning of "condominium property" as defined under Florida Statute §718.103(13).

33.    In connection with the sale and purchase agreement attached as Exhibit "1", the Plaintiff, Buyer, JOSE MARTINEZ, made total deposits with the Developer's escrow agent of $88,700.00 representing twenty percent (20%) of the contract price.

Jonathan Kline, P.A. ● Attorney at Law
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

34.   The undersigned law firm has been retained by the Plaintiff to represent him in this action and the Plaintiff has agreed to pay the undersigned law firm a reasonable fee for its services and to reimburse the undersigned law firm for all costs advanced in connection with this action.

35.   All conditions precedent to the filing of litigation in this matter have been met by the Plaintiff or have been waived.

**COUNT I**
**VIOLATION OF 15 USC §1703(a)(1)(B) and 24 CFR 1715.20(a)(b)**
**OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT (ILSFDA) -**
**PROPERTY REPORT VIOLATION**

The Plaintiff(s), incorporate by reference and re-allege paragraphs 1 through 35 of this complaint.

36.   15 USC §1703(a)(1) reads:

> It is unlawful for any developer or agent, directly or indirectly, to make use of any means or instrument of transportation or communication in interstate commerce, or of the mails—
>
> (1)      With respect to the sale or lease of any lot not exempt under section 1702 of this title—
>
> (A) to sell or lease ant lot unless a statement of record with respect to such lot is in effect in accordance with section 1706 of this title;
> (B) to sell or lease any lot unless a printed property report, meeting the requirements of section 1707 of this title, has been furnished to the purchaser or lessee in advance of the signing of any contract or agreement by such purchaser or lessee;
> (C) to sell or lease any lot where any part of the statement of record or the property report contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein pursuant to sections 1704 through 1707 of this title or any regulations there under; or
> (D) to display or deliver to prospective purchasers or lessees advertising and promotional material which is inconsistent with information required to be disclosed in the property report….

37.   15 U.S.C §1711 reads:

**§1711. Limitation of actions**

**Jonathan Kline, P.A.  ●  Attorney at Law**
2761 Executive Park Drive  ●  Weston, Florida  33331  ●  TEL (954) 659-1919  ●  FAX (954) 659-9937

(a) Section 1703(a) violations

No action shall be maintained under section 1709 of this title with respect to--

(1) a violation of subsection (a)(1) or (a)(2)(D) of section 1703 of this title more than three years after the date of signing of the contract of sale or lease; or

(2) a violation of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703 of this title more than three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence.

(b) Section 1703(b) to (e) violations

No action shall be maintained under section 1709 of this title to enforce a right created under subsection (b), (c), (d), or (e) of section 1703 of this title unless brought within three years after the signing of the contract or lease, notwithstanding delivery of a deed to a purchaser.

38.     24 CFR 1715.20(a)(b) reads:

**§ 1715.20 Unlawful sales practices—
regulatory provisions.**

In selling, leasing or offering to sell or lease any lot in a subdivision it is an unlawful sales practice for any developer agent, directly or indirectly, to:

(a) Give the Property Report to a purchaser along with other materials when done in such a manner so as to conceal the Property Report from the purchaser.

(b) Give a contract to a purchaser or encourage him to sign anything before delivery of the Property Report.

39.     The Developer or its agents gave the contract for purchase and sale to the Plaintiffs to

sell the Units without furnishing a printed Property Report meeting the requirements of 15 USC

§1707 to the purchaser in advance of the signing of their contract or agreement in violation of 15

USC §1703(a)(1)(B).

**Jonathan Kline, P.A.  ●  Attorney at Law**
2761 Executive Park Drive  ●  Weston, Florida  33331  ●  TEL (954) 659-1919  ●  FAX (954) 659-9937

40.     The Developer or its agents gave the Property Report to the purchasers along with other materials done in such a manner so as to conceal the Property Report from the Plaintiffs in violation of 24 CFR §1715.20(a).

41.     The Developer or its agent gave the contract to the purchaser or encouraged Plaintiffs to sign other documents before delivery of the Property Report in violation of 24 CFR §1715.20(b).

42.     The "ILSDFA" is intended to protect the public and, pursuant to the Florida Supreme Court, it should be liberally construed in favor of the public[1].

WHEREFORE, Plaintiffs respectfully request the following relief:

    a.   a judgment requiring the Developer and Individuals to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees, independent appraisers' fees, and travel to and from the lot, under the terms and conditions of the contract and 15 U.S.C. §1709(c);

    b.   rescission of the contracts attached as Exhibit 1 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof, against the Developer and Individuals; and

    c.   such other relief as this Court deems proper.

## COUNT II
### THE DEVELOPER ENGAGED IN PROHIBTED ACTIVITIES PURSUANT TO 15 U.S.C. §1703(a)(2)(A), (B), and (C)

---

[1] The Supreme Court of Florida in *Samara Development Corp. v. Marlow*, 556 So.2d 1097, 1100 (1990), stated, "We note that the Interstate Land Sales Full Disclosure Act was intended to protect the public, and as such should be liberally construed in favor of the public".

**Jonathan Kline, P.A.  ●  Attorney at Law**
2761 Executive Park Drive  ●  Weston, Florida  33331  ●  TEL (954) 659-1919  ●  FAX (954) 659-9937

The Plaintiff(s), incorporate by reference and re-allege paragraphs 1 through 36 of this complaint as if fully set forth herein.

43.     15 U.S.C. §1703(a)(2)(A), (B), and (C) reads as follows:

### § 1703. Requirements respecting sale or lease of lots

(a) Prohibited activities

It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails--

(2) with respect to the sale or lease, or offer to sell or lease, any lot not exempt under section 1702(a) of this title--

(A) to employ any device, scheme, or artifice to defraud;

(B) to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the lot or subdivision;

(C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

44.     In order to plead with specificity as to the allegations of pursuant to 15 U.S.C. §1703(a)(2)(A), (B), and (C) the Plaintiff states the following:

B)      The Developer failed to properly disclose what the pricing was for Unit(s) being sold in the Condominium. The developer raised prices after they started selling their units on the open market. As the Developer raised prices beyond the range of pricing set forth in their Property Report they failed to amend their Property Report in the office of the Secretary of Housing and Urban Development. If the Developer would of amended their property report, every

purchaser of a Unit in the condominium would have had the opportunity to cancel their contract within 7 days after the receipt of notice of any amendment to the Property Report.

C)     The Developer or its agents promised the Plaintiffs a resale program which would allow the Plaintiffs to sell their unit for a profit on the open market. The salesperson working for the Developer or Agent said to the Plaintiffs prior to their signing of the contract that:

a)     They (the developer) were all sold out;

b)     Initial buyers' value of units would go up because they bought at a lower price;

c)     That the Unit was well sought after and it has already gone up in value;

d)     The resale value was extremely good;

e)     People are "lining up" to get the units and they are in short supply;

f)     That there will be a "buy back" program where the Developer will sell for more than what their purchase price;

g)     The demand was so high and the availability was so low the value of the Units would go up before the Developer started to build.

When the Plaintiff(s) communicated with the Developer after they signed their contract the Developer stated that the "buy back" program will not take place until the Developer is able to sell off their entire inventory.

Statements were made that a "buy back" was to be established (resale program) after the launch date of their sales and after the initial delivery of the property report.  The buy back

**Jonathan Kline, P.A.  •  Attorney at Law**
2761 Executive Park Drive  •  Weston, Florida  33331  •  TEL (954) 659-1919  •  FAX (954) 659-9937

program never was implemented by the Developer or was implemented and the Plaintiffs were never allowed to participate.

The Property Report states on page 27, "We have no program to assist in the resale of your Unit." However, the promises a stated above were made. By not initially disclosing the resale or "buy back" program to the Plaintiffs through the Property Report or by making misleading statements, prior to the Plaintiffs signing the contract, the Developer obtained money or property by means of an untrue statement.

45.     The Plaintiff discovered the violations of the 15 U.S.C. §1703(a)(2)(A), (B), and (C) within 3 years of the filing of this complaint by the exercise of reasonable diligence.

46.     The Plaintiff relied on the foregoing statements of the Developer(s) or its Agent(s).

WHEREFORE, Plaintiff(s) respectfully request the following relief:

a. a judgment requiring the Developer(s), Agents(s), and Individual(s) to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees, independent appraisers' fees, and travel to and from the lot, under the terms and conditions of the contract and 15 U.S.C. §1709(c);

b. rescission of the contract attached as Exhibits 1 and that its duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof; and

c. such other relief as this Court deems proper.

## COUNT III
## VIOLATION OF THE FLORIDA STATUTE §501.201 et seq.,
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

Jonathan Kline, P.A.  •  Attorney at Law
2761 Executive Park Drive  •  Weston, Florida  33331  •  TEL (954) 659-1919  •  FAX (954) 659-9937

The Plaintiff(s), incorporate by reference and re-allege paragraphs 1 through 46 of this complaint as if fully set forth herein.

47.     Florida Statute §501.202 of the Florida Deceptive and Unfair Trade Practices Act reads as follows:

> 501.202 Purposes; rules of construction. -- The provisions of this part shall be construed liberally to promote the following polices:
>
> 1.     To simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices.
>
> 2.     To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.
>
> 3.     To make state consumer protection and enforcement consistent with established polices of federal law relating to consumer protection.

48.     The Plaintiff(s) is defined as a "consumer" under Florida Statute §501.203(7).

49.     The Plaintiff(s) delivered "a thing of value" to the Developer(s) as defined by Florida Statute §501.203(9).

50.     The Plaintiff(s) is an "interested party or person" as defined by Florida Statute §501.203(6).

51.     The Developer(s) engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in making false and misleading statements and violated ILSFDA as specifically outlined in Count I above, and for violating provisions under Florida law as set forth herein and or the Federal Trade Commission Act, 15 U.S.C. §45(a)(1).

52.     The Developer(s) made false statements regarding specific violations of ILSFDA as outlined and pled with specificity in Count I.

**Jonathan Kline, P.A.  ●  Attorney at Law**
**2761 Executive Park Drive  ●  Weston, Florida  33331  ●  TEL (954) 659-1919  ●  FAX (954) 659-9937**

53. Section 501.202(2) of the Florida Statutes establishes the policy of "protect(ing) the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, unconscionable, deceptive or unfair trade acts or practices in the conduct of any trade or commerce."

54. Section 501.204(1), of the Florida Statutes, provide that "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce is hereby declared unlawful."

55. At all times material hereto the Developer(s) and or Defendant(s) engaged in "trade or commerce" as defined by Section 501.203(8), of the Florida Statutes.

56. By undertaking the activities as set forth in this count, the Defendant(s) have committed acts or practices in trade or commerce which offend established public policy and are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, or that cause or likely to cause consumer injury which is substantial, not to be outweighed by any countervailing benefits to consumers or competition that the acts or practices produced, and not an injury that consumer themselves could have reasonably avoided. Thus, the Developer(s) have engaged in unfair acts or practices within the meaning of Section 501.204(1), of the Florida Statutes.

57. By undertaking the activities as set forth in this Count and Counts I, II, V, and XIII the Developer(s) engaged in representations, acts, practices or omissions which are material and likely to mislead, and in fact did mislead, consumers acting reasonably under the circumstances. Thus, Developer(s) has engaged in deceptive acts or practices in violation Section 501.204(1) of the Florida Statutes.

**Jonathan Kline, P.A. • Attorney at Law**
2761 Executive Park Drive • Weston, Florida 33331 • TEL (954) 659-1919 • FAX (954) 659-9937

58.     By undertaking the activities as described in this count, the Developer(s) have engaged in unconscionable acts or practices in trade or commerce, in violation of Section 501.204(1) of the Florida Statutes.

59.     The Developer(s) acts and practices alleged herein have and continue to injure and prejudice consumers.

60.     ILSFDA generally proscribes certain unfair and deceptive trade practices and thus a violation of ILSFDA is a violation of the FDUTPA.

61.     Florida Statute §501.204(1) reads as follows:

> Unlawful acts and practices. —
>
> (1)     Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby unlawful.

62.     Certain individuals, which were the principals of the Developer(s) facilitated, participated, organized, and approved of all acts that are considered unlawful under this Count and have been added to this suit.

WHEREFORE, Plaintiff(s) respectfully requests the following relief:

a.     a judgment requiring the Developer(s), Agent(s), and Individual(s) to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contract, Florida Statute §501.211(2), attorneys' fees under Florida Statute §501.2105, and Florida Statute §57.105;

b.     rescission of the contract attached as Exhibit 1 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof; and

**Jonathan Kline, P.A.  ●  Attorney at Law**
2761 Executive Park Drive  ●  Weston, Florida  33331  ●  TEL (954) 659-1919  ●  FAX (954) 659-9937

c.     such other relief as this Court deems proper.

**COUNT IV**
**VIOLATION OF FLORIDA STATUTE §718.506 FOR THE PUBLICATION OF**
**FALSE AND MISLEADING INFORMATION**

The Plaintiff(s), incorporate by reference and re-allege paragraphs 1 through 35 of this complaint as if fully set forth herein.

63.     The Plaintiff(s) reasonably relied upon material statements or information that were false or misleading and were published by or under the authority from the Developer(s) in advertising and or promotional materials, the property report, the record, a prospectus under Florida Statute §718.504, the items required as exhibit(s) to the prospectus, brochures, and or newspaper advertising.

64.     The Plaintiff(s) paid value toward the purchase of the Units which is a condominium parcel as set forth under Florida Statute §718.506(1).

65.     Florida Statute 718.506(1) reads in pertinent part:

**718.506 Publication of false and misleading information.**

(1) Any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials, including, but not limited to, a prospectus, the items required as exhibits to a prospectus, brochures, and newspaper advertising, pays anything of value toward the purchase of a condominium parcel located in this state shall have a cause of action to rescind the contract or collect damages from the developer for his or her loss prior to the closing of the transaction.

66.     The Developer(s) made false and misleading statements as set forth with particularity and specificity under Counts II, III, and V.

67.     The Developer(s) failed to build the Unit and failed to adhere to the their promises, statements, disclosures, plans, specifications, and or drawings as set forth in the contract for

**Jonathan Kline, P.A. ● Attorney at Law**
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

purchase and sale, Prospectus, Property Report, or offering circular and all related provisions under Florida Statue §718.504 and therefore violated Florida Statute §718.506 .

WHEREFORE, Plaintiff(s) respectfully request the following relief:

a. a judgment requiring the Developer(s) to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contracts, Florida Statute §718.506(2), and Florida Statute §57.105;

b. rescission of the contracts attached as Exhibit 1 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof,; and

c. such other relief as this Court deems proper.

### COUNT V
### DECLARATORY JUDGMENT
### VIOLATION OF FLORIDA STATUTE §849.091(2) –
### PYRAMID SALES SCHEME

The Plaintiff(s), incorporate by reference and re-allege paragraphs 1 through 35 of this complaint as if fully set forth herein.

68.    This is an action for declaratory judgment pursuant to Florida Statute §86.061 of an actual substantial justiciable controversy as set forth in this Complaint.

69.    Plaintiff(s) seeks judgment that the contract is void or voidable because said contract violates Florida Statute §849.091(2).

70.    The contract(s) attached as Exhibit 1 was part of a "pyramid sales scheme" in violation of Florida Statute §849.091(2).

71.    Florida Statute §849.091(2) reads in pertinent part:

Jonathan Kline, P.A. ● Attorney at Law
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

(2) A "pyramid sales scheme," which is any sales or marketing plan or operation whereby a person pays a consideration of any kind, or makes an investment of any kind, in excess of $100 and acquires the opportunity to receive a benefit or thing of value which is not primarily contingent on the volume or quantity of goods, services, or other property sold in bona fide sales to consumers, and which is related to the inducement of additional persons, by himself or herself or others, regardless of number, to participate in the same sales or marketing plan or operation, is hereby declared to be a lottery, and whoever shall participate in any such lottery by becoming a member of or affiliating with, any such group or organization or who shall solicit any person for membership or affiliation in any such group or organization commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. For purposes of this subsection, the term "consideration" and the term "investment" do not include the purchase of goods or services furnished at cost for use in making sales, but not for resale, or time and effort spent in the pursuit of sales or recruiting activities.

72.     The Plaintiff(s) were required to make an investment of a "deposit" in which they acquired the opportunity to receive a benefit or thing of value as stated as a Unit under the sale and purchase agreements attached as Exhibit 1.

73.     This thing of value which is the Unit(s) is not primarily contingent on the volume or quantity of goods, services, or other property sold in bona fide sales to consumers under Florida Statute §849.091(2).

74.     The Plaintiff(s), acquired the opportunity to receive the Unit(s) which is the benefit or thing of value and which is related to the inducement of additional persons by others under Florida Statute §849.091(2).

75.     The Developer(s), not the Plaintiff(s) induced additional persons to buy other units in the building where the Plaintiff's Unit(s) is located as set forth under the sale and purchase agreement attached as Exhibit 1.

**Jonathan Kline, P.A.** ● **Attorney at Law**
2761 Executive Park Drive ● Weston, Florida  33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

76. The Plaintiff(s) acquired the opportunity to receive the Unit(s) which is the benefit or thing of value under Florida Statute §849.091(2) regardless of the number of others that participated in the same sales or marketing plan or operation.

77. The sales and purchase agreements attached as Exhibit 1 under paragraph 7 called for the requirements of presales of units in the Condominium that may be established by the Lender.

78. Under paragraph 7 the Developer(s) had a right in the Developer's sole discretion to cancel the agreement and cause the Plaintiff's deposit to be refunded in the event that the Developer(s) does not meet the requirements for presales of unit(s) in the Condominium that may be established by the Lender providing construction financing for the development of the Condominium.

79. The Plaintiff's opportunity was related and contingent upon the Developer(s) inducing other persons to participate in the same "sales or marketing plan".

80. The Developer(s) offered a resale program to perpetuate the "sales or marketing plan" under Florida Statute §849.091(2).

81. Without the Plaintiffs knowledge, the Developer(s) under paragraph 28 induced other buyers to make an investment and obligate themselves under a contract for sale and purchase for a Unit(s) thereby violating Florida Statute §849.091(2), a misdemeanor of the first degree and thus would render the agreement attached as Exhibit 1 void.

82. The Developer(s) in their "pyramid sales scheme" raised prices thereby causing artificially inflated pricing which adversely affected the Buyer(s) and all other buyers under contract and all future prospective buyers.

WHEREFORE, Plaintiff(s) respectfully request the following relief:

**Jonathan Kline, P.A.  •  Attorney at Law**
2761 Executive Park Drive  •  Weston, Florida  33331  •  TEL (954) 659-1919  •  FAX (954) 659-9937

a. a judgment requiring the Developer(s), Agent(s), and Individual(s) to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contracts, Florida Statute §718.506(2), and Florida Statute §57.105;

b. a judgment declaring that the contract attached as Exhibits 1 is void and rescinding the contract;

c. rescission of the contract attached as Exhibits 1 and that its duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof; and

d. such other relief as this Court deems proper.

## COUNT VI
## BILL OF DISCOVERY – IMPROPER USE OF ESCROW FUNDS

The Plaintiff(s), incorporate by reference and re-allege paragraphs 1 through 35 of this complaint as if fully set forth herein.

83.     The contracts between the Plaintiff(s) and Developer(s) provides that the Developer(s) may utilize the amount of the deposits paid in excess of 10% of the purchase price for construction purposes.

84.     Florida Statute §718.202(3) provides that if the Developer(s) uses any of the deposit money for the purposes other than construction purposes such as salaries, commissions, or expenses of salespersons or for advertising purposes that Plaintiff(s) is entitled to the return of the deposit together with interest.

85.     Pursuant to Florida Statute §718.202(3), the Plaintiff(s) has the right to the return of their deposit plus interest in the event that the Developer(s) used any of the deposit money for non-construction purposes.

**Jonathan Kline, P.A.  ●  Attorney at Law**
2761 Executive Park Drive  ●  Weston, Florida  33331  ●  TEL (954) 659-1919  ●  FAX (954) 659-9937

86. The only way for the Plaintiff(s) to determine if the deposit money was used for a purpose other than construction or was commingled in an account used to pay for anything other than construction is to conduct discovery.

87. The Plaintiff(s) has a good faith belief that the Developer(s) may have co-mingled the deposit money into accounts used for both construction and the payment of non-construction expenses such as salaries, commissions, advertising or other non-construction uses or purposes.

WHEREFORE, the Plaintiff(s), includes this count in order to pursue its discovery rights and reserves the right to seek a court approved amendment of the complaint should the discovery reveal, as expected, that the escrow deposits were improperly used in violation of the Florida Statutes.

## COUNT VII
## VENDEES LIEN AND EQUITABLE LIEN

The Plaintiff(s), incorporate by reference and re-allege paragraphs 1 through 35 of this complaint as if fully set forth herein.

88. Plaintiff's deposit money was obtained pursuant to void, voidable, illegal, and or validly revoked contracts.

89. Some and or all of the Plaintiff's deposit in excess of 10% was used to construct the unit, condominium, condominium parcel, and or the condominium property.

90. Plaintiff(s) are entitled to the return of their earnest money deposit based on Defendant(s) violations of ILSFDA and the other Counts as set forth in this complaint as alleged above.

91. Defendant(s) have refused to return the earnest money deposit to Plaintiff(s).

92. Because the Plaintiff(s) did not receive the return of their earnest money deposit, they continue to have an equitable interest in the Unit(s), an undivided interest of the common areas

**Jonathan Kline, P.A.** ● **Attorney at Law**
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

of the condominium known as the OASIS TOWER TWO, A Condominium, condominium parcel, and condominium property as described in the attached Exhibit 2.

93.     Plaintiff(s) own and hold an equitable lien on the Units.

94.     Plaintiff(s) have recorded or will soon be recording a *lis pendens* to secure their earnest money deposit and equitable interest in the Units, an undivided interest of the common areas of the condominium known as the OASIS TOWER TWO, A Condominium, condominium parcel, and condominium property as described in the attached Exhibit 2.

95.     Plaintiff(s) are entitled to an equitable or vendee's lien imposed against the Units, condominium, condominium parcel, and the condominium property for the amounts of their deposit used to construct the building and improve the condominium parcel, attorneys fees, court costs, relief under the ILSFDA and for prejudgment interest at the legal rate.

WHEREFORE, Plaintiff(s) respectfully request the following relief:

      a.  a judgment and imposition by this court establishing an equitable lien and or vendees lien against the Unit(s), condominium, condominium parcel, and the condominium property for the amounts of the deposit used to construct the building, attorneys fees, court costs, relief under the ILSFDA, and for prejudgment interest at the legal rate;

      b.  such other relief as this Court deems proper.

## COUNT VIII
## DECLARATORY JUDGMENT – CONTRACT
## VIOLATES STATUTE OF FRAUDS

The Plaintiff(s), incorporate by reference and re-allege paragraphs 1 through 35 of this complaint as if fully set forth herein.

**Jonathan Kline, P.A.  •  Attorney at Law**
2761 Executive Park Drive  •  Weston, Florida  33331  •  TEL (954) 659-1919  •  FAX (954) 659-9937

96. This is an action for declaratory judgment pursuant to Florida Statutes §86.061 of an actual substantial justiciable controversy as set forth in this Complaint. Plaintiff(s) seeks judgment that the contract is void or voidable because said contract violates Florida Statute §725.01.

97. At the time the sale and purchase agreement attached as Exhibit 1 was entered into between the Plaintiff(s) and Developer(s) the condominium declaration was not recorded and the condominium therefore did not legally exist.

98. The sale and purchase agreement attached as Exhibit 1 did not contain a legal description of the property in recordable form sufficient for the property being purchased by the Plaintiff(s) to be identified to fulfill the requirements of Florida Statute §725.01.

99. The sale and purchase agreement attached as Exhibit 1 are unenforceable as a result of the statute of frauds as set forth in Florida Statute §725.01 and the Plaintiff(s) are entitled to the return of their deposits.

WHEREFORE, Plaintiff(s) respectfully request the following relief:

   a. a judgment requiring the Developer(s) to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contracts and Florida Statute §57.105;

   b. a judgment declaring that the contracts attached as Exhibit 1 are void and rescinding the contracts;

   c. rescission of the contracts attached as Exhibit 1 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof; and

   d. such other relief as this Court deems proper.

Jonathan Kline, P.A. ● Attorney at Law
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

## COUNT IX
## DECLARATORY JUDGMENT
## THERE IS NO ENFORCEABLE CONTRACT

The Plaintiff(s), incorporate by reference and re-allege paragraphs 1 through 35 of this complaint as if fully set forth herein.

100.    This is an action for declaratory judgment pursuant to Florida Statute §86.061 of an actual substantial justifiable controversy as set forth in this Complaint. Plaintiff seeks judgment that the contract is void or voidable because said contract fails for indefiniteness and the developer's obligation under the contract illusory.

101.    The sale and purchase agreement signed by the Plaintiff(s) contain specific provisions allowing for a deviation of the developers plans and specifications.

102.    Paragraph(s) 14 and 15 to Contract for Purchase and Sale attached as Exhibit 1 give the Developer such broad discretion to make changes in the condominium and unit(s) that for all intents and purposes, the contract does not provide a sufficient description of what the end product is and what the Plaintiff(s) will be receiving to make the contract enforceable.

103.    A contract fails for indefiniteness where the promises and performance to be rendered by a party to the contract are not reasonably certain.

104.    The promises and performance to be rendered by the developer under the contracts are not reasonably certain as the Developer(s) reserved such a broad discretion to make changes to the product being sold that it cannot be said that the contract is reasonably certain as to the Developer's obligation to perform.

105.    Because the Developer(s) has such a broad range of discretion to change what the Plaintiff(s) is getting under the contract, the Plaintiff(s) do not know what the Plaintiff(s) is ultimately getting under the contract.

**Jonathan Kline, P.A. ● Attorney at Law**
2761 Executive Park Drive ● Weston, Florida  33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

106. Therefore, there is no meeting of the minds sufficient for a binding contract to exist.

107. As a result of the Developer's broad discretion to make changes to the product being sold, the product being sold is not definite enough to form the basis for a contract and the contract therefore fails for indefiniteness.

108. The Developer's discretion to make changes to the product being sold is so broad as to make the Developer's obligation under the contract illusory.

109. To further emphasize the point, the Plaintiff(s) could not enforce the contract by specific performance where the contract is susceptible to such vast and extreme changes at the discretion of the Developer(s).

110. As a result of this extreme and vast discretion of the Developer(s) to make changes to the end product that is being sold, it would be impossible for the Plaintiff(s) to be able to sue to recover damages for a breach by the Developer. If for example, the Developer's failure to complete construction of the condominium, there would be no way for the Plaintiff(s) to ascertain the amount of the damages since it would be impossible to predict what the end product would be that the Plaintiff(s) failed to receive.

111. The law is clear that where there is an insufficient description of the quantity and or other material characteristics of the product being sold, the contract for the sale of that product is unenforceable as being insufficient as a matter of law.

112. Because the Developer's discretion to make changes to the condominium are so broad, it would be unconscionable for the Developer to have the right to enforce the contract against Plaintiff(s).

113. The Developer's right to cancel the contract unilaterally during the presale period also makes the Developer's obligation to build the condominium illusory.

**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

114. Because the Developer's right to cancel the contract during the presale period is unilateral and is not also provided to the Plaintiff, the contract fails for lack of mutuality of obligation.

WHEREFORE, Plaintiff(s) respectfully request the following relief:

    a. a judgment requiring the Developer(s) to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contracts, and Florida Statute §57.105;

    b. a judgment declaring that the contract attached as Exhibit 1 is void and rescinding the contracts because the contracts fail for (1) indefiniteness, (2) lack of meeting of the minds, (3) illusory obligation, (4) lack of mutuality of obligation and remedy and (5) unconscionablility;

    c. rescission of the contracts attached as Exhibit 1 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof; and

    d. such other relief as this Court deems proper.

**Jonathan Kline, P.A.** ● **Attorney at Law**
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

## DEMAND FOR JURY TRIAL

The Plaintiffs, demand a jury trial for all counts in this action.

Respectfully submitted,

JONATHAN KLINE, P.A.
Attorney for Plaintiff
2761 Executive Park Drive
Weston, FL 33331
Telephone: (954) 659-1919
Facsimile: (954) 659-9937
E-mail address: Jonathan.Kline@JKLawFL.com

By: _____
    Jonathan Kline
    Florida Bar No.: 6902

**Jonathan Kline, P.A.** ● **Attorney at Law**
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937