UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO: 08-CV-0611-FtM-29 SPC

JOSE MARTINEZ

  Plaintiff,

v.

TRG OASIS LOWER (TOWER TWO), LTD.,
a Florida limited partnership, TRG OASIS
LOWER (TOWER TWO), LLC, a Florida
limited liability company, THE RELATED GROUP
OF MIAMI, INC., a Florida profit corporation,
JORGE M. PEREZ, ROBERTO ROCHAS,
MATHEW ALLEN, JEFFREY HOYOS, HELEN
WEINSTOCK, and GARY ARTHUR,

  Defendants.
_____/

## THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

Defendants, Jorge M. Perez, Roberto Rocha, Matthew Allen, Jeffrey Hoyos, Helen Weinstock, and Gary Arthur (the "Individual Defendants") move, pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure, to dismiss the Complaint and state as follows:

### Background

1. On or about August 1, 2005, Jose Martinez entered into a Contract with TRG Oasis (Tower Two), Ltd. for the purchase of Unit 1702 in Oasis Tower Two, a Condominium (the "Condominium Project"). A copy of the Contract is attached to the Complaint as Exhibit 1.

2. An investor suffering from buyer's remorse, no doubt occasioned by a struggling Florida real estate market, the Plaintiff seeks to avoid his contractual duty to purchase Unit 1702 through a variety of imaginative yet fatally flawed legal theories.

3.  Specifically, to avoid closing on the properties, the Plaintiff attempts to assert nine causes of action. Count I and II seek relief under the Interstate Land Sales Full Disclosure Act ("ILSA"). Count III asserts a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Count IV alleges publication of false and misleading information. Count V travels under section 849.091(2), Florida Statutes—the "pyramid scheme" law. Count VI seeks a bill of discovery. Count VII seeks a vendees' lien and an equitable lien. Count VIII contends that the transactions at issue violate the Statute of Frauds, and Count IX alleges that the Contracts are void for want of definiteness.

4.  As detailed below, there are simply no allegations contained in the Complaint that implicate the Individual Defendants. Accordingly, all claims against them should be dismissed.

## Legal Analysis

### I.
### CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED

**A. Officers of Corporations Are Generally Not Liable for Corporate Acts**

The Complaint alleges that the Individual Defendants are "principal owners, officers, directors, members or managers of the entities or entity compromising the Developers." Compl. at ¶ 18. The Plaintiff also alleges in Count III that "certain individuals, which were the principals of the Developers facilitated, participated, organized, and approved of all acts that are considered unlawful under this Count and have been added to this suit." Id. at ¶ 62. These are the only allegations contained in the Complaint that concern the Individual Defendants. In other words, no bad acts or conduct whatsoever is attributed to the Individual Defendants; their

Jose Martinez v. TRG Oasis (Tower Two), Ltd., et al
Case No.: 2:08-cv-00611-JES-SPC
Individual Defendants' Motion to Dismiss

purported liability, then, is based solely upon their positions as officers of the corporate entities charged with liability.

Under Florida law, "[o]fficers of a corporation are not liable for corporate acts simply by reason of the officer's relation to the corporation." E & A Produce Corp. v. Olmo, 864 So. 2d 447, 448 (Fla. 3d DCA 2003) (citing Checkers Drive-In Rests., Inc. v. Tampa Checkmate Food Servs., Inc., 805 So. 2d 941, 944 (Fla. 2d DCA 2001)); Fla. Stat. § 607.0831 (shielding directors from personal liability and specifying circumstances in which the protection may be lost, none of which is alleged in this case); Munder v. Circle One Condominium, Inc., 596 So. 2d 144, 145 (Fla. 4th DCA 1992) (same). Only if an officer is guilty of wrongful conduct such as fraud, self-dealing, unjust enrichment or betrayal of trust will courts impose personal liability. Id.

Where a claim under Florida law fails to allege individual wrongdoing by an officer, courts will dismiss the claim. Munder 596 So. 2d at 145; Connolly v. Agostino's Ristorante, Inc., 775 So. 2d 387 (Fla. 2d DCA 2000); Olympian west Condominium Ass'n, Inc. v. Kramer, 427 So. 2d 1039 (Fla. 3d DCA), rev. denied, 438 So. 2d 833 (Fla. 1983).

Counts III, IV, V, VI, VII, VIII and IX are based on Florida law and do not contain any allegations concerning the Individual Defendants. The only count that mentions the "individuals" is paragraph 62 quoted above. This allegation is insufficient to state a claim under Florida law. See Alsup v. Your Graphics Are Showing, Inc., 531 So. 2d 222, 224 (Fla. 2d DCA 1988) (allegation that officer "either participated in making the alleged misrepresentations or approved their dissemination" failed to state a cause of action).

Because the Individual Defendants *are not implicated* in Counts III through IX, and because the allegation in Count III is insufficient to impose liability against them, they should be

PMB 363030.1

3

dismissed from the case. Fed. R. Civ. P. 8 (plaintiff must allege facts showing entitlement to relief).

### B. The Legal Theories Alleged Do Not Relate to the Individual Defendants

Each and every theory of recovery raised in the Complaint, as well as the relief sought therein, has no cognizable relationship to the Individual Defendants. Dismissal with prejudice is appropriate because, even if the Plaintiffs implicated the Individual Defendants by way of affirmative allegations, their theories of recovery are nonetheless misplaced. Drury v. Countrywide Home Loans, Inc., 2008 WL 2131977 (MD Fla. May 21, 2008) (amendment of pleadings not permitted where amendment would be futile).

1. The ILSA Counts

Counts I, II and III of the Complaint are based upon the Interstate Land Sales Full Disclosure Act ("ILSA" or the "Act"). Counts I and II invoke ILSA, while Count III invokes Florida's Deceptive and Unfair Trade Practices Act based upon the purported violations of ILSA stated in Counts I and II. As his basis for liability under ILSA against the Individual Defendants, the Plaintiff appears to contend that the Individual Defendants are "developers" or "agents" as such terms are defined in ILSA, for this is the only conceivable basis for which they *could be* liable for a violation of ILSA.

Under section 1701(5), a "developer" is anyone who "directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots in a subdivision." 15 U.S.C. § 1701(5). An "agent" is one who "represents, or acts for or on behalf of, a developer in selling or leasing, or offering to sell or lease, any lot or lots in a subdivision." Id. at § 1701(6). In this case, the Contract attached to the Complaint clearly states that Oasis Tower Two, Ltd. is

the "Developer" of the Condominium Project. The Plaintiff does not allege that the Individual Defendants "directly or indirectly" sold, leased, or advertised lots in the Condominium Project. Thus, the Complaint does not state a claim under ILSA against the Individual Defendants as "developers." Where the documents attached to a complaint negate the allegations contained therein, dismissal is appropriate. See Garcia v. Santa Maria Resort, Inc., 528 F. Supp. 2d 1283, 1295 (S.D. Fla. 2007).

Further, the Plaintiff does not allege that the Individual Defendants were agents of the Developer, as the Complaint contains no allegation that they represented or acted on its behalf. Cases addressing individual liability under ILSA uniformly hold that ILSA does not apply to a developer's employees, owners, directors or otherwise, unless such persons are engaged in the sale of the units at issue. Paquin v. Four Seasons of Tennessee, Inc., 519 F.2d 1105, 1111 (5th Cir. 1975). The Paquin court explained as follows:

> We think that the language of ILSA indicates that Congress intended the developer to be liable for its own acts and those of its agents, which is the usual rule, but it did not mean to scoop up every guide or salesman . . . and make them pay unless they, too, have the authority to sell *and do so.*

Id. (emphasis added). Similarly, Bartholomew v. Northampton Nat'l Bank of Easton, 584 F.2d 1288, 1292 (3d Cir. 1978) rejected a plaintiff's contention that a developer's owner and other "planners, participants, and profit-makers" were "developers" under ILSA:

> [ILSA] clearly limits the imposition of liability to those who meet the definitions of developers or agents of developers. Developers are those who directly or indirectly engage in selling efforts. Thus, since [ILSA] provides for liability for misstatements or omissions in the statutorily required Statement of Record and Property Report or in statements made to offerees of lots in a subdivision, logically the statute should be interpreted to include within its scope only those engaged in the selling effort.

Bartholomew, 584 F.2d at 1292; see Zachary v. Treasure Lake of Georgie, Inc., 374 F.Supp. 251 (D.C. Ga. 1974) (financial backers were not subject to ILSA notwithstanding that they funded the project because they were not involved in selling efforts). There is no allegation that the Individual Defendants had any part in preparing the Property Report or the Statement of Record.

Nowhere in the Complaint does the Plaintiff allege that the Individual Defendants were involved in the sales at issue. In fact, the Plaintiff does not attribute a single act to any of the Individual Defendants, nor can they. Even if taken as true, no allegation in the Complaint establishes that the Individual Defendants are within the ambit of ILSA. Counts I, II and III should be dismissed.

2. Contract Claims

Counts I, II, III, IV, VIII and IX seek rescission of the Plaintiff's Contract, or are otherwise based upon the Contract. See Compl. at Exh. 1. However, no contract to rescind exists between the Individual Defendants and the Plaintiff. Under Florida law, the Individual Defendants are not arguably liable under the Contract to which they are not parties. Morgan Stanley DW Inc. v. Halliday, 873 So. 2d 400 (Fla. 4th DCA 2004) ("Unless a person is a party to a contract, that person may not sue or be sued for breach of that contract where the non-party has received only an incidental or consequential benefit of the contract"). Plaintiff's declaratory judgment claims fail for the same reason—because there is no contract between the Plaintiff and the Individual Defendants, there can be no "actual controversy" between the parties. Yell v. Healthmark of Walton, Inc., 772 So. 2d 568 (Fla. 1st DCA 2000) ("Declaratory judgment [under Fla. Stat. § 86.061] is appropriate only when there is an actual controversy before the court; a court otherwise lacks jurisdiction") (citing Martinez v. Scanlan, 582 So. 2d 1167 (Fla. 1991)).

In summary, the Contract attached to the Complaint negates any inference that the Individual Defendants are proper parties to any claim based upon the Plaintiff's Contract with the Developer. Where the documents attached to a complaint negate the allegations contained therein, dismissal is appropriate. See Garcia, 528 F. Supp. 2d at 1295.

3. <u>Escrow Claims</u>

All nine Counts in the Complaint seek to recover the Plaintiff's escrow deposits under the Contract. Not only are the Individual Defendants strangers to the Contract, they are not alleged to have received the escrow deposits. To the contrary, the Contract defines the escrow agent as Chicago Title Insurance Company,[1] and otherwise sets out detailed provisions concerning treatment of the escrow deposits. See Compl. at Exh. 1, ¶ 4. Accordingly, when the Plaintiff seeks a pure bill of discovery against the Individual Defendants, he asks this Court to sanction a fishing expedition regarding escrow funds that were never held, disbursed, spent or otherwise touched by the Individual Defendants. But by the terms of the Contract, as well as the provisions of section 718.202, Florida Statutes, the Escrow Deposits are expressly controlled by entities other than the Individual Defendants. There is simply no link between the escrow funds and the Individual Defendants. The Contract negates all such claims and mandate dismissal. See Garcia, 528 F. Supp. 2d at 1295.

4. <u>Misrepresentation Claims</u>

Counts II and IV are based on fraud. Fraud must be pled with specificity. Fed. R. Civ. P. 9 ("in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). The Plaintiff does not attribute a single misrepresentation to the Individual Defendants, let alone identify the person among the various Individual Defendants

---

[1] Chicago Title is not a party to this lawsuit.

who purportedly made such statements, or the context in which the statement was made. The Plaintiff's claims that are founded upon fraud and misrepresentation should be dismissed as against the Individual Defendants for want of specificity. See Garcia, 528 F.Supp.2d at 1295 (dismissing ILSA, FDUTPA, misrepresentation, and false advertising claims in complaint substantially similar to those before this Court for want of "required particularity" including failure to mention "time, please, and identity of speaker").

### C. The Plaintiff Waived The Right to Sue the Individual Defendants

The Contract provides as follows:

> Liability. The liability of Seller under this Agreement or any amendment or any instrument or document executed in connection with this Agreement shall be limited to and enforceable solely against the interest of Seller in the Condominium, and not against any other assets of Seller or any partner of Seller (or its or their officers, principals, directors, employees, managers, members or agents).

Compl., Exh. 1 at ¶ 39. Florida courts "will uphold any limitation of remedy provision in a contract, which limitation is mutual, unequivocal and reasonable." Greenstein v. Greenbrook, Ltd., 413 So. 2d 842, 844 (Fla. 3d DCA 1982). By entering into the Contract, the Plaintiff waived the ability to allege claims against the Individual Defendants. Paragraph 39 of the Contract provides yet another basis for dismissal of each and every claim contained in the Complaint.

## II.
## THE INDIVIDUAL DEFENDANTS ADOPT THE DEVELOPERS' POSITIONS ON DISMISSAL OF EACH COUNT OF THE COMPLAINT

Contemporaneously with this filing, TRG Oasis filed its Motion to Dismiss ("TRG's Motion"), which addresses the merits of each count contained in the Complaint. The Individual

Defendants hereby adopt TRG Oasis's Motion and respectfully request dismissal as sought therein.

WHEREFORE, the Individual Defendants respectfully request that this Court enter an Order dismissing them from this action with prejudice, and granting such additional relief as this Court deems just and proper.

**EDWARDS ANGELL PALMER & DODGE LLP**

By    s/ C. Cory Mauro
       Gary A. Woodfield
       Florida Bar No. 563102
       C. Cory Mauro
       Florida Bar No. 384739
       One North Clematis Street
       Suite 400
       West Palm Beach, FL 33401
       (561) 833-7700 - Telephone
       (561) 655-8719 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2008, I have electronically filed the foregoing with the Clerk of the Court pursuant to Administrative Procedures for Filing in Civil and Criminal cases of the Southern District of Florida by using the CM/ECF system, which will send a notice of electronic filing to All Counsel on the attached Service List.

       s/ C. Cory Mauro
       C. Cory Mauro

## SERVICE LIST

***Counsel for Plaintiff***
Jonathan H. Kline, Esq.
Jonathan Kline, P.A.
2761 Executive Park Drive
Weston, Florida 33331
Telephone: 1-954-659-1919
Facsimile: 1-954-659-9937
Email: jonathan.kline@jklawfl.com

***Counsel for Defendant TRG Oasis Lower (Tower Two), LLC,
TRG Oasis (Tower Two), Ltd., LP, The Related Group
Of Miami, Inc.***
Betsy Lu McCoy, Esq.
Florida Bar No. 813036
315 S. Biscayne Boulevard, 4th Floor
Miami, Florida 33131
Telephone: (305) 533-0043
Facsimile: (305) 533-0086
Email: bmccoy@relatedgroup.com