UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE MARTINEZ,

                Plaintiff,

vs.                              Case No. 2:08-cv-611-FtM-29SPC

TRG OASIS (TOWER TWO) LTD, LP a
Florida limited partnership; TRG
OASIS LOWER (TOWER TWO), LLC a
Florida limited liability company;
THE RELATED GOUP OF MIAMI, INC. a
Florida profit corporation; JORGE M.
PEREZ; ROBERTO ROCHAS; MATHEW ALLEN;
JEFFREY HOYOS; HELEN WEINSTOCK; GARY
ARTHUR,

                Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendants' Motion for Attorneys' Fees and Costs (Doc. #27) filed on December 5, 2008. Plaintiff filed a Response (Doc. #28) on December 19, 2008.

**I.**

On July 30, 2008, plaintiff filed a Complaint (Doc. #1) under the Interstate Land Sales Full Disclosure Act (ILSFDA), the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), and other state statutes and common law. On October 7, 2008, defendants appeared by and through counsel and filed motions to dismiss. On October 27, 2008, plaintiff filed an Amended Complaint (Doc. #16) and on November 10, 2008, defendants filed renewed motions to dismiss

through attorney C. Mauro. On November 18, 2008, plaintiff filed a Notice of Dismissal Without Prejudice (Doc. #24).

On November 18, 2008, the Court entered an Order (Doc. #25) dismissing the case without prejudice pursuant to Fed. R. Civ. P. 41(a) as no answers or summary judgment motions had been filed by any of the defendants. Judgment (Doc. #26) was entered on November 21, 2008.

## II.

Defendants seek attorney's fees pursuant to a contractual agreement, asserting they are prevailing parties based on plaintiff's voluntary dismissal. More specifically, defendants assert the Agreement provides for reasonable attorney's fees to the prevailing party, that Florida law applies, and that Florida law provides that a defendant is a prevailing party when plaintiff voluntary dismisses the claims. Plaintiff responds that there has been no change in relationship and that defendants did not prevail under the standards articulated by the Eleventh Circuit Court of Appeals.

Defendant argues that a contractual basis for attorney's fees exists. The Agreement (Doc. #1-2) provides:

> In the event of any litigation between the parties under this Agreement, the prevailing party shall be entitled to reasonable attorneys', paralegals and para-professionals fees and court costs at all trial and appellate levels.

(Doc. #1-2, p. 11, ¶16.) The Agreement further provides that "[a]ny disputes that develop under this Agreement will be settled according to Florida law." (Id. at ¶ 26.)

Plaintiff has an absolute right to a voluntary dismissal before an Answer or Motion for Summary Judgment is filed. See FED. R. CIV. P. 41(a)(1); Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990)(collecting cases). Under Florida law, however, a defendant is considered a prevailing party when a plaintiff voluntarily dismisses his or her claims. Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp., 493 So. 2d 1136, 1137 (Fla. 4th DCA 1986); Ajax Paving Indus., Inc. v. Hardaway Co., 824 So. 2d 1026, 1029 (Fla. 2d DCA 2002). See also Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007)(recognizing district court's authority to award costs when voluntary dismissal), cert. denied, 128 S. Ct. 865 (2008). Under Florida law, attorney fees are properly awarded to a voluntarily dismissed and prevailing defendant when based on a contractual provision. See Century Constr. Corp. v. Koss, 559 So. 2d 611, 612 (Fla. 1st DCA 1990); Landry v. Countrywide Home Loans, Inc., 731 So. 2d 137, 139-40 (Fla. 1st DCA 1999). Plaintiff does not dispute the existence of the Agreement and defendants are clearly prevailing parties under Florida law for purposes of attorney's fees and costs. Therefore, defendants are eligible for an award of attorney's fees and costs.

**III.**

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Affidavit of C. Cory Mauro (Doc. #27-2) and Christopher S. Duke (Doc. #273) were filed in support of the attorney's fees and costs.

**A.**

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "No two lawyers possess the same skills, and no lawyer always performs at the same level of skill. Accordingly, The parties ought to provide the court with a range of market rates for lawyers of different skill levels (perhaps as measured by quality and quantity of experience) involved in similar cases with similar clients, so that the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar." Id. at 1300.

The billing records reflect additional counsel and perhaps para-professionals who are seeking attorney's fees and it appears that the hourly rate is higher for some than the prevailing market rate in Fort Myers, Florida. The Affidavit of Christopher S. Duke, Esq. (Doc. #27-3) provided in this case is insufficient. It

provides the prevailing rate for Palm Beach County and generally states that the rate "depending on the experience of the attorney, ranges from $200 to $450 per hour." In this case, counsel has not demonstrated that the hourly rates are reasonable for the Fort Myers, Florida area and the range does not address the experience of the individual attorneys involved in this case. Therefore, the Court cannot determine a reasonable hourly rate.

**B.**

In determining the reasonable hours, the Court must eliminate excessive, unnecessary, and redundant hours. Norman 836 F.2d at 1301-02. "Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight." Id. at 1301 (citing Hensley, 461 U.S. at 434 (1983)). When multiple attorneys are involved, the Court must consider whether they are being compensated for their distinct contributions or whether there is duplication. Johnson v. University College of Univ. of Ala., 706 F.2d 1205, 1208 (11th Cir. 1983). In this case, counsel have not sufficiently demonstrated that they used "billing judgment", and therefore the Court is unable to determine whether the hours were reasonable. See ACLU v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).

**C.**

The costs will be denied as they are not "court costs" and the Agreement only provides for "court costs." The costs listed in

Exhibit B (Doc. #27-2, pp. 7-8) are overhead costs, duplicate billing for telephone calls conducted by counsel, or photocopies for which counsel has failed to demonstrate were necessary for use in the case. In the alternative, the motion is also denied under Federal Rule of Civil Procedure 54 as the costs are not statutorily authorized.

Accordingly, it is now

**ORDERED**:

Defendants' Motion for Attorneys' Fees and Costs (Doc. #27) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of March, 2009.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record